1

2                                                          *E-Filed 7/25/14*

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO DIVISION

10

11   WILLIE WEAVER,                        No. C 14-1030 RS (PR)

12          Plaintiff,                     **ORDER OF DISMISSAL**

13      v.

14   CONTROL TOWER HARASSMENTS,
     et al.,
15

16          Defendants.
     _____/
17

18                            **INTRODUCTION**

19          This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state

20   prisoner against his jailors at Pelican Bay State Prison.  The original complaint was

21   dismissed with leave to file an amended complaint.  Plaintiff's amended complaint fails to

22   correct the deficiencies of the first, and is DISMISSED.

23                            **DISCUSSION**

24   **A.     Standard of Review**

25          A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

26   to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

27   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

28

United States District Court
For the Northern District of California

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:    (1) that a right secured by the Constitution or laws of the United States was violated, and    (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Disposition**

Plaintiff alleges in his amended complaint that an unnamed Pelican Bay correctional officer harassed him on one day by failing to provide hot water for his unspecified medications and failed to release him from his cell to obtain unspecified medications. These allegations fail to state any claim for relief. Plaintiff fails to provide crucial details regarding the identity of the correctional officer, what medications plaintiff had to take, and how the one-day deprivations violated his constitutional rights. Accordingly, the complaint is DISMISSED for failure to state a claim. The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED**.

DATED:  July 25, 2014

_____
RICHARD SEEBORG
United States District Judge